UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Thomas Smith,

    Plaintiff,                                   Civil Action No.

v.                                              JURY TRIAL DEMANDED

Radhe Krishna Donuts, LLC,

    Defendant.

## COMPLAINT

Plaintiff files this Complaint against Radhe Krishna Donuts, LLC for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., to recover unpaid wages, liquidated damages, costs, and attorney's fees. Plaintiff alleges as follows:

PARTIES

1. Plaintiff is a resident of Georgia in this judicial district and division.

2. Radhe Krishna Donuts LLC is a Georgia limited liability corporation with its principal place of business at 285 Country Club Drive, Stockbridge GA 30281, in this judicial district and division.  Its registered agent for service of process is Joel Haber located at 2365 Wall Street, Suite 120, Conyers, GA

30013.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. Defendant transacted business in this judicial district, and the events giving rise to the claims herein occurred in this judicial district.

## FACTS

5. At the time of the events described herein, Defendant operated a number of retail donut shops.

6. Defendant sold the donut shops on or about March 1, 2018, and currently is not operating any donut shops.

7. Plaintiff Thomas Smith was employed by Defendant at a donut shop in Calhoun, Georgia from May 2017 until March 2018. At all times relevant, Plaintiff was an "employee" of Radhe Krishna Donuts and covered under the FLSA, 29 U.S.C. §§ 201 et seq.

8. At all relevant times, Radhe Krishna Donuts was Plaintiff's "employer"

engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times relevant, Radhe Krishna Donuts had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10. At all times relevant, Radhe Krishna Donuts was an enterprise with annual gross volume of sales made or business done of not less than $500,000.

11. Plaintiff was initially hired as an hourly paid employee working in the donut shop and serving customers. Plaintiff served in this position through the end of December 2017.

12. During this time, Mr. Smith was paid an hourly rate of pay of $7.75 per hour (and then $8.00 per hour), and was supposed to be paid 1.5 times these rates for all hours over 40.

13. There were some occasions where Defendant unlawfully deducted time from Plaintiff's time-card, and this resulted in his being under paid, including some weeks where he should have received overtime pay

because he worked more than 40 hours in a week.

14. At or near the beginning of January 2018, Plaintiff was given additional job duties and switched from an hourly paid employee to a salaried employee earning $600 per week for all hours worked.

15. Plaintiff should have been treated as a non-exempt hourly worker for Radhe Krishna Donuts during the entire period of his employment.

16. For all weeks Plaintiff worked as a salaried employee, he should not have been treated as exempt and should have received time and a half his regular rate of pay for all hours in excess of 40 in a week.

17. Radhe Krishna Donuts willfully refused to pay Plaintiff his wages and overtime compensation as required by federal law.

## COUNT I

## FAIR LABOR STANDARDS ACT VIOLATIONS

18. Plaintiff repeats and re-alleges each paragraph above as though it were fully set forth at length herein.

19. As a result of Radhe Krishna Donuts' willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Radhe Krishna Donuts violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

20. Radhe Krishna Donuts' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

21. Due to Radhe Krishna Donuts' FLSA violations, Plaintiff was damaged and is entitled to recover from Radhe Krishna Donuts compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

## BREACH OF CONTRACT

22. Plaintiff repeats and re-alleges each paragraph above as though it were fully set forth at length herein.

23. Defendant agreed to pay Plaintiff an hourly wage for each hour worked.

24. By failing to pay Plaintiff at all for work he performed, Defendant breached its contract with Plaintiff.

25. As a result of Defendant's breach of contract, Plaintiff is entitled to breach of contract damages, plus pre-judgment interest, in an amount to be determined at trial.

## COUNT THREE
## ATTORNEYS' FEES AND EXPENSES

26. Plaintiff repeats and re-alleges each paragraph above as though it were fully set forth at length herein.

27. Plaintiff has retained undersigned counsel to represent him in this action and has incurred costs and reasonable attorneys' fees.

28. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

29. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation and termination of Plaintiff.

30. As a result of Defendant's unlawful acts, Plaintiff has been deprived of unpaid wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

WHEREFORE, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Radhe Krishna Donuts:

A.   An award of compensation for unpaid wages and overtime to Plaintiff;

B.   An award of all liquidated damages in an amount equal to all unpaid wages and overtime to Plaintiff;

C.   An award of costs and expenses of this action together with reasonable

attorneys' fees to Plaintiff;

D.   For trial by full jury; and

E.   Such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of October, 2018.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*_____
LOUIS R. COHAN
Georgia Bar No. 173357
ELLIS C. LIU
Georgia Bar No. 443689

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
eliu@cohanlawgroup.com

I certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*_____
LOUIS R. COHAN
Georgia Bar No. 173357